UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:24-cv-1126-SDM-CPT
                                                      8:22-cr-307-SDM-CPT

THADDEUS TIMEOUS HOWARD

_____/


## ORDER

Thaddeus Timeous Howard moves under 28 U.S.C. § 2255 to vacate his sentence and challenges the validity of his conviction for being a felon in possession of a firearm and ammunition, for which he is imprisoned for 120 months.  The United States responds that the district court currently lacks jurisdiction over Howard's Section 2255 motion because of a pending appeal.  (Civ. Doc. 6 citing *United States v. Howard*, Case No. 24-11168, Eleventh Circuit Court of Appeals) Nevertheless, the United States urges the district court to stay this case until the circuit court issues its mandate and thereafter to dismiss this action as untimely.

Because Howard's appeal is still pending, the district court lacks jurisdiction to adjudicate the Section 2255 motion.  *See United States v. Dunham*, 240 F.3d 1328, 1329–30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying

Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal."). No extraordinary circumstances warrant the district court staying this case. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009 ) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.") (citations omitted).

Howard's motion under 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Howard filing a motion to vacate, in a new case with a new case number, after final disposition of his appeal. The clerk must **CLOSE** this case and enter a copy of this order in the criminal case.

ORDERED in Tampa, Florida, on August 20, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE